# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN M. McHUGH,<br><br>                     Petitioner,<br>  vs.<br><br>WILLIAM B. KOLENDER, Sheriff San Diego County,<br><br>                     Respondent. | CASE NO. 05CV2319-BEN (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner Stephen M. McHugh ("Petitioner") has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"), challenging his state conviction for driving under the influence of alcohol or drugs with priors. He claims the compelled extractions of his blood constituted an unreasonable search and seizure.

After the matter was fully briefed, the Honorable Magistrate Judge Jan M. Adler issued a Report and Recommendation ("Report"), recommending the Petition be denied. Specifically, Judge Adler concluded that "[b]ecause [Petitioner] was afforded a full and fair hearing of his Fourth Amendment claims in state court, habeas relief in federal court is unavailable to him." Petitioner had until November 1, 2006 to file objections to the Report. To date, Petitioner has not filed any objections. Nor has he requested additional time to do so.

Title 28 U.S.C. § 636 (b)(1)(C) provides: "A judge of the [district] court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed

1  findings or recommendations to which objection is made." Thus, the governing "statute makes it
2  clear that the district judge must review the magistrate judge's findings and recommendations de
3  novo **if objection is made**, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121
4  (9th Cir. 2003) (en banc) (emphasis in original); see also id. ("Neither the Constitution nor the
5  statute requires a district judge to review, de novo, findings and recommendations that the parties
6  themselves accept as correct.") (citation omitted)); Wang v. Masaitis, 416 F.3d 992, 1000 n. 13
7  (9th Cir. 2005) ( "Of course, *de novo* review of a [Report] is only required when an objection is
8  made to the [Report]." ) (citation omitted)).  Notwithstanding Petitioner's failure to object, the
9  Court has carefully reviewed the Report.  Judge Adler's analysis is well reasoned.  See Stone v.
10 Powell, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair
11 litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus
12 relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced
13 at his trial.").  Accordingly, the Report is **ADOPTED IN FULL**.  The Petition is **DENIED**.  The
14 Clerk shall close the file.

15     **SO ORDERED**.

16 DATED: December 11, 2006

18                                             _____
                                                Hon. Roger T. Benitez
19                                              United States District Judge